# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STERLING P. BEATTY,  )
                     )
           Petitioner, ) Case No. 2:13-cv-00764-JAD-PAL
                     )
vs.                  )
                     ) **O R D E R**
D. NEVENS, *et al.*, )
                     )
           Respondent. )

Petitioner Sterling P. Beatty filed an application to proceed *in forma pauperis* and submitted a petition for a writ of habeas corpus. He was required to pay the filing fee, which he has done. (Dkt. #8). Petitioner has also filed motions for appointment of counsel (ECF Nos. 2 and 5) and for an evidentiary hearing (Dkt. #6). The petitioner has supplemented the petition with the required signature page (Dkt. #10). It is now ready for review and service.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**1.      Request for Counsel.**

Petitioner moves for the appointment of counsel (Dkt. #s 2 and 5). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. The court also notes from the petition, and from the other documents that petitioner has submitted to the court, that petitioner has demonstrated an ability to present matters to the court in an organized and understandable manner. Petitioner's motions for appointment of counsel are DENIED.

**2.      Request for Evidentiary Hearing.**

Petitioner also moves for an evidentiary hearing. The federal court's authority to conduct an evidentiary hearing in these proceedings is quite limited. Only where a petitioner has demonstrated that (a) a factual issue relies on a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court or (b) upon a factual predicate that could not have been discovered previously through the exercise of due diligence and, (c) only if the petitioner can then established by clear and convincing evidence that, but for the alleged constitutional violation, no reasonable factfinder would have found petitioner guilty, is an evidentiary hearing authorized. *See* 28 U.S.C. § 2254(e)(2). Petitioner has not demonstrated that such circumstances exist in his case. Therefore, the motion shall be denied without prejudice.

1   **IT IS THEREFORE ORDERED** that the Clerk shall **FILE and ELECTRONICALLY**
2   **SERVE** the petition (Dkt. #s 1-1 and 10) upon the respondents.

3   **IT IS FURTHER ORDERED** that respondents shall have **45 days** from entry of this Order
4   within which to answer, or otherwise respond to, the petition.  In their answer or other response,
5   respondents shall address any claims presented by petitioner in his petition as well as any claims
6   presented by petitioner in any Statement of Additional Claims.  Respondents shall raise all potential
7   affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural
8   default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents
9   shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United
10  States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **45 days**
11  from the date of service of the answer to file a reply.

12  **IT IS FURTHER ORDERED** that the motions for appointment of counsel (**Dkt. #s 2 and**
13  **5**) and the motion for an evidentiary hearing (**Dkt. # 6**) are **DENIED.**

14  **IT IS FURTHER ORDERED** that henceforth petitioner shall serve upon the Attorney
15  General of the State of Nevada a copy of every pleading, motion, or other document he submits for
16  consideration by the Court.  Petitioner shall include with the original paper submitted for filing a
17  certificate stating the date that a true and correct copy of the document was mailed to the Attorney
18  General.  The Court may disregard any paper that does not include a certificate of service.  After
19  respondents appear in this action, petitioner shall make such service upon the particular Deputy
20  Attorney General assigned to the case.

21  **IT FURTHER IS ORDERED** that any state court record exhibits filed by respondents
22  herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter.
23  The CM/ECF attachments that are filed shall further be identified by the number or numbers (or
24  / / /
25  / / /
26

1  letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record
2  exhibits shall be forwarded – for this case – **to the staff attorneys in Reno**.
3       Dated this 15th day of October, 2013.

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE