**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STERLING P. BEATTY,<br><br>       Petitioner,<br><br>vs.<br><br>D. NEVENS, et al.,<br><br>       Respondents. | Case No. 2:13-cv-00764-JAD-PAL<br><br>**ORDER**<br><br>[22] |

After a jury trial in state district court, petitioner was convicted of first-degree murder with the use of a deadly weapon, conspiracy to commit robbery, two counts of attempted robbery with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. Ex. 51 (#25). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 61 (#25). Petitioner then filed in state district court a post-conviction habeas corpus petition. Ex. 68 (#25). The state district court denied the petition. Ex. 82 (#30). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 83 (#30). Petitioner then commenced this action. Respondents now move to dismiss grounds 1 and 2 of the petition as legally barred.[1] For the reasons below, I agree, and I grant the motion to dismiss (#22).

**Discussion**

Grounds 1 and 2 are claims that petitioner's rights guaranteed by the Fourth Amendment were violated. In ground 1, petitioner alleges that a false statement was used knowingly to obtain an arrest warrant. In ground 2, petitioner alleges that a search of his residence incident to his arrest was illegal. Petitioner had full and fair opportunities to litigate these Fourth Amendment issues in state court; therefore, he cannot raise these issues in federal court. *Stone v. Powell*, 428 U.S. 465 (1976).

---

[1] Before the court are the petition for a writ of habeas corpus (#13), respondents' motion to dismiss (#22), petitioner's opposition (#32), and respondents' reply (#33).

Indeed, petitioner actually litigated the issue in ground 2 in state court. *See* Ex. 61, at 3-5 (#25). The court dismisses grounds 1 and 2.

The court will not address respondents' alternative argument that ground 1 is procedurally defaulted. Whether or not it is procedurally defaulted, and whether or not petitioner can show cause and prejudice for the default, the court still would need to dismiss the ground under *Stone v. Powell*.

In his opposition (#32), petitioner points the court to grounds 6 and 8 (claims of ineffective assistance of counsel) as part of his argument why grounds 1 and 2 should not be dismissed. A claim barred by the principles articulated in *Stone v. Powell* cannot be saved by a showing of good cause and prejudice. It does not matter that counsel did not raise a Fourth Amendment claim; what matters is that petitioner had the opportunity to raise it. On the other hand, a claim of ineffective assistance of counsel for failure to raise a Fourth Amendment claim is legally distinct from the underlying Fourth Amendment claim, and it is not subject to dismissal under *Stone v. Powell*. *See Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Respondents will need to address the merits of grounds 6 and 8 in their answer, as even they acknowledge in their reply (#33).

**Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss **(#22) is GRANTED**. **Grounds 1 and 2 of the petition (#13) are DISMISSED** from this action.

IT IS FURTHER ORDERED that respondents have 45 days from the date of entry of this order to file and serve an answer that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will then have 45 days from the date on which the answer is served to file a reply.

February 20, 2015

_____
JENNIFER A. DORSEY
United States District Judge