**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Sterling P. Beatty,

                Petitioner

v.

D. Neven, et al.,

                Respondents

2:13-cv-00764-JAD-PAL

**Order Denying Petition for Writ of Mandamus, Motions for Counsel and an Evidentiary Hearing, and Certificate of Appealability**

[ECF 13, 54, 55]

Nevada state prisoner Sterling P. Beatty brings this federal habeas corpus action to challenge his Nevada state-court convictions for murder, robbery, and related charges stemming from a drug deal gone awry. Beatty alleges 15 ineffective-assistance-of-counsel claims for relief. Because Beatty has not shown that the Nevada Supreme Court's denial of his claims was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it was based on an unreasonable determination of the facts in light of the evidence presented, I dismiss his remaining claims[1] for relief and deny his petition. And because Beatty has not made a substantial showing that any of his constitutional rights were denied, I decline to issue him a certificate of appealability.

**Background**

A jury in Nevada's Eighth Judicial District Court, Clark County, convicted Beatty of five counts: (1) murder with use of a deadly weapon, (2) conspiracy to commit robbery, (3) attempted robbery with use of a deadly weapon, (4) attempted robbery with use of a deadly weapon, and (5) attempted murder with use of a deadly weapon.[2] The judgment of conviction was entered on

---

[1] I previously dismissed Grounds 1 and 2 under *Stone v. Powell*, 428 U.S. 465 (1976). ECF 44.

[2] *See* Judgment of Conviction, Ex. 51. The exhibits referenced in this order were filed by respondents and are found in the record at ECF 24–31.

April 18, 2008;[3] Beatty timely appealed, and the Nevada Supreme Court affirmed.[4]  In its order of affirmance, the Nevada Supreme Court stated that the evidence presented at trial, when viewed in the light most favorable to the prosecution, established the following:

> Simms and the victim, Paul Brown, traveled to an apartment complex near the intersection of Lake Mead Boulevard and Jones Boulevard in Las Vegas to purchase marijuana from an individual named C-dog.
> * * * *
> After Simms and Brown parked their car, Beatty approached the vehicle, pointed a gun at Brown's stomach and said, "Give us everything you got." A moment later, Simms was attacked by an accomplice who also had a firearm.  As Simms was wrestling on the ground with his attacker, he glanced over and saw Brown fighting with Beatty.  A moment later, he heard a gunshot.  While Simms was trying to keep his attacker from shooting him, Beatty walked over, pointed a gun at him, and pulled the trigger at least twice but nothing happened.  The attackers fled.  Simms called 911, and although the police arrived in about five minutes, it was too late to save Brown.
>
> The autopsy showed that Brown died from a single gunshot wound to his right collarbone.  Forensic experts determined that although the bullet had fragmented and the exact caliber could not be determined, the jacket was "of nominal .38 caliber," which included a range of calibers including .38 and .357.  Similar ammunition was found during a search of Beatty's home.  In addition, the police recovered Beatty's cell phone and a hat with a stain matching his DNA from the crime scene.[5]

Beatty next filed a habeas petition in Nevada state court.[6]  Following an evidentiary hearing, the state court denied the petition.[7]  Beatty appealed, and the Nevada Supreme Court again affirmed his conviction.[8]  Beatty then filed this federal habeas action, asserting 15 claims

---

[3]  *Id.*  The judgment of conviction was amended on March 12, 2010, to correct a clerical error and to correctly reflect that the sentence on Count 4 will run consecutively to the sentence on Count 3.  *See* Amended Judgment of Conviction, Ex. 64.

[4]  *See* Order of Affirmance, Ex. 61.

[5]  *Id.* at  2–3.

[6]  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Ex. 68.

[7]  *See* Findings of Fact, Conclusions of Law and Order, Ex. 82.

[8]  *See* Order of Affirmance, Ex. 83.

for ineffective assistance of counsel.  I previously granted respondents' motion to dismiss Grounds 1 and 2 under *Stone v. Powell*[9] and directed respondents to file an answer responding to Beatty's remaining claims.[10]  Respondents filed an answer,[11] and Beatty filed a reply.[12]  Beatty also requests an evidentiary hearing[13] and appointment of counsel.[14]

## Discussion

**A.      Standard for habeas relief under 28 U.S.C. § 2254(d)**

A federal court may not grant an application for a writ of habeas corpus on behalf of a person in state custody on any claim that was adjudicated on the merits in state court unless the state-court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[15]  In making this determination, federal courts look to the last reasoned state-court decision.[16]  "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[17]  To the extent no reasoned opinion exists, courts must independently review the record to determine whether the state court clearly erred in its application of controlling federal law or whether the state court's decision was objectively

---

[9]  *Stone v. Powell*, 428 U.S. 465 (1976).

[10]  ECF 44.

[11]  ECF 51.

[12]  ECF 52, 53.

[13]  ECF 54.

[14]  ECF 55.

[15]  28 U.S.C. § 2254(d).

[16]  *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

[17]  *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 803 (1991).

1  unreasonable.[18]

2  **B.    Ineffective Assistance of Counsel under 28 U.S.C. § 2254(d)**

3        In *Strickland v. Washington*,[19] the United States Supreme Court established a two-prong

4  test for ineffective-assistance-of-counsel claims.  A petitioner must show (1) that the defense

5  attorney's representation "fell below an objective standard of reasonableness," and (2) that the

6  attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable

7  probability that, but for counsel's unprofessional errors, the result of the proceeding would have

8  been different."[20]  If a state court has adjudicated a claim of ineffective assistance of counsel,

9  federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied

10  *Strickland*'s deferential standard."[21]  Beatty has not met his burden for any of his remaining

11  claims—Grounds 3–15.

12              **Ground 3.  Possession of Cell Phone**

13        In Ground 3 of his habeas petition, Beatty claims that his trial counsel was

14  constitutionally ineffective for failing to object to the state's claim that he was in possession of

15  the cell phone found at the crime scene.[22]  The Nevada Supreme Court rejected this claim,

16  reasoning that Beatty failed to show that there was any basis to object to the cell phone and

17  noting that defense counsel are not required to raise a futile objection.  The Nevada Supreme

18  Court also found that Beatty failed to show prejudice.  Because the cell phone was found at the

19

20  [18]  *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Harrington v. Richter*, 562 U.S.
21  86, 98 (2011) (holding that "[w]here a state court's decision is unaccompanied by an explanation,
     the habeas petitioner's burden still must be met by showing there was no reasonable basis for the
22  state court to deny relief.").

23  [19]  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

24  [20]  *Id.* at 694.

25

26  [21]  *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir.
     2010) (acknowledging double deference required for state court adjudications of *Strickland*
27  claims).

28  [22]  Petition for Writ of Habeas Corpus,  ECF 13 at 8.

4

crime scene and there was evidence tying the phone to Beatty, the court reasoned that it is unlikely that this objection would have been sustained or that the authenticity of the cell phone would have been seriously questioned.[23]

The Nevada Supreme Court's ruling is reasonable.  There was ample evidence at trial tying Beatty to the cell phone found at the crime scene, including testimony by a witness that he had called Beatty hundreds of times on the phone number tied to the cell phone,[24] and testimony that the phone number was assigned to Beatty's wife.[25]  Beatty has not shown that there was any reasonable basis for his trial counsel to object to the state's claim that he was in possession of the cell phone found at the crime scene, or that there was any evidence that the phone belonged to someone else that could have been offered.  Therefore, Beatty is not entitled to federal habeas relief on this claim.

**Ground 4.  Motion to Dismiss Attempted Robbery Charges**

Beatty next claims that his trial counsel was constitutionally deficient for failing to move to dismiss the attempted-robbery charges.[26]  The Nevada Supreme Court rejected this claim, reasoning that sufficient evidence was introduced at trial to support these charges.  Thus, the court concluded, Beatty's counsel was not deficient for failing to move to dismiss the charges, and Beatty could not show a reasonable probability of a different outcome at trial had his counsel made the motion.[27]

The Nevada Supreme Court had a reasonable basis for concluding that Beatty's trial counsel satisfied *Strickland*.  As the court pointed out, though Simms initially testified that he could not remember if Beatty or his accomplices said anything during the encounter, the

---

[23]  *See* Order of Affirmance, Ex. 83 at 2–3.

[24]  Testimony of Anthony Ardizzione, Reporter's Transcript, February 6, 2008, Ex. 36 at 78–79.

[25]  Testimony of Theodore Tube, Reporter's Transcript, February 6, 2008, Ex. 36 at  66–70.

[26]  ECF 13 at 10.

[27]  Order of Affirmance, Ex. 83 at 4.

prosecutor refreshed Simms's  recollection with his previous statement to police that Beatty said "[g]ive us everything you got."[28]  There was, thus, evidence supporting the attempted robbery charges.  Beatty has not shown that his counsel was ineffective for failing to make the motion, and he has not shown that he was prejudiced because the motion would have failed.  Accordingly, I decline to grant Beatty federal habeas relief on this basis.

### Ground 5.   Simms's Identification of Beatty in Photo Lineup

Beatty next claims that his trial counsel rendered ineffective assistance by failing to object to testimony that Simms previously identified Beatty in a photo lineup.[29]  Beatty claims that because Simms stated only that Beatty's picture *looked like* the assailant, but did not positively identify him, this testimony was inaccurate.  The Nevada Supreme Court rejected this argument.  Reasoning that the strength of a previous identification goes to weight and not admissibility,[30] the court concluded that trial counsel was not deficient for failing to object to the previous identification testimony.[31]  The court also found that Beatty failed to show prejudice because his counsel elicited testimony that Simms did not, in fact, positively identify Beatty as the assailant during the lineup.[32]

This ruling is reasonable and amply supported by the record.  Simms made the following written statement at the photo lineup:

> Number six looks a lot like the guy I think shot Paul but I'm not sure because I cant see his eyes to[o] good and there is more facial hair.  I think if I could see him better in another picture were [sic] he is looking at the camera.  The rubber band on his chin really

---

[28] *See* Testimony of Corey Simms, Reporter's Transcript, February 5, 2008, Ex. 35 at 124–27.

[29] ECF 13 at 12.

[30] *Steese v. State*, 960 P.2d 321, 333 (Nev. 1998).

[31] Order of Affirmance, Ex. 83 at 3.

[32] *Id.* ("reasoning that, [w]hile trial counsel did not use this information to cross-examine the victim, trial counsel did ask the police officer who handled the photo line-up whether the victim positively identified appellant in the line-up.  Therefore, this information was presented to the jury.").

1  sticks out because the guy with the gun had the same style chin hair with
2  the rubber band around it.[33]

3  Contrary to Beatty's characterization of the photo lineup, Simms's statement was far from

4  equivocal.  Though Simms did not positively identify Beatty as the assailant, he did pick Beatty's

5  photo out of the lineup and indicated that he looked "a lot like the guy" who committed the

6  murder.  This claim also fails because Beatty has not shown prejudice; Simms also identified

7  Beatty in trial as the shooter.[34]  Thus, Beatty has not shown a reasonable probability that the

8  outcome at trial would have been different even if his counsel had successfully impeached

9  Simms's in-court identification with Simms's prior statement that he "looked a lot like the guy."

10  Accordingly, Beatty is not entitled to federal habeas relief on this ground.

11  **Ground 6.  Statements at Sentencing**

12  Beatty next claims that he received ineffective assistance of counsel on appeal because

13  his appellate counsel failed to raise issues regarding allegedly false statements made at his

14  sentencing hearing.[35]  According to Beatty, these allegedly false statements were used to support

15  probable cause for his arrest, so counsel should have also challenged his arrest.  The Nevada

16  Supreme Court found that the trial court properly struck the statement that Simms actually saw

17  Beatty shoot Brown from the presentence investigation report because the testimony at trial was

18  that Simms saw Beatty with the gun and heard a gunshot, but that he did not see Beatty shoot

19  Brown.  The court concluded that Beatty's appellate counsel was not ineffective under *Strickland*

20  for failing to object to the statement's inclusion in the arrest warrant because Beatty did not show

21  either that (1) the issuing judge would have declined to issue his arrest warrant without the

22  stricken statement, or (2) that this claim, even if made, would have succeeded on appeal.

23  The Nevada Supreme Court's ruling on this claim is reasonable.  As that court observed,

24  the challenged statement—that Simms saw Beatty shoot Brown—was stricken from the PSR at

25  

26  [33]  Photo Lineup, Ex. 80F at 1121 (as in original).

27  [34]  *See* Testimony of Corey Simms, Reporter's Transcript, February 5, 2008, Ex. 35 at 104–12.

28  [35]  ECF 13 at 14.

sentencing.[36]   Therefore, Beatty makes no showing that his appellate counsel could have raised any viable issue as to the effect of that statement on his sentence.  I also find that Beatty's claim is without merit to the extent that he attempts to show that he was somehow prejudiced by that statement in the issuance of the warrant for his arrest or during trial.  The warrant affidavit contained ample evidence to support a finding of probable cause for Beatty's arrest even absent the challenged statement, and Beatty could not have been prejudiced by this statement at trial because the jury never heard testimony that Simms saw Beatty shoot the gun.  Beatty is not entitled to habeas corpus relief on Ground 6.

**Ground 7.  Cross-Examination of Simms**

In Ground 7, Beatty claims that his trial counsel was constitutionally deficient for failing to use prior inconsistent statements to impeach Simms's testimony.[37]   The Nevada Supreme Court did not discuss this claim,[38] but the state court determined that this claim was belied by the record "given that trial counsel extensively impeached [Simms] regarding all of his prior inconsistent statements."[39]

The state court's ruling is reasonable and well supported by the record.  Beatty's trial counsel extensively cross-examined Simms, and Beatty has not offered any prior inconsistent statements of Simms that his trial counsel failed to use in that cross-examination.  Beatty also has not shown a reasonable probability that any further, or different, cross-examination of Simms would have led to a different result at trial.  Thus, Beatty is not entitled to habeas relief for his counsel's alleged failure to adequately impeach Simms with prior inconsistent statements.

**Ground 8.  Objections to Attempted-Murder and Murder Charges**

Beatty next claims that his trial counsel was ineffective for "failing to object to the

---

[36]   *See* Reporter's Transcript of Sentencing, April 10, 2008, Ex. 50 at  6–12.

[37]   ECF 13 at 16.

[38]   *See* Order of Affirmance, Ex. 83.

[39]   Findings of Fact, Conclusions of Law, and Order, Ex. 82 at 4.

8

1  allegations of murder and attempted murder."[40]  Beatty contends that his counsel should have

2  moved to dismiss these charges.  He argues that there was no credible evidence to support them

3  at trial because Simms made prior statements inconsistent with his trial testimony.[41]  The Nevada

4  Supreme Court found that Beatty failed to demonstrate that there was a basis for trial counsel to

5  object to these charges and concluded that trial counsel was not deficient for failing to raise

6  frivolous objections.[42]  "Whether the victim made inconsistent statements or not goes to the

7  weight of the evidence, not the admissibility," therefore, the court reasoned, Beatty "failed to

8  demonstrate a reasonable probability of a different outcome at trial had trial counsel objected."[43]

9      This ruling is reasonable.  Beatty's claim that there was no reliable evidence produced at

10  trial to support the murder or attempted-murder charges is belied by the record.  Simms identified

11  Beatty at trial as the person who shot Brown and then attempted to shoot Simms.[44]  There is no

12  showing that there was any basis for Beatty's trial counsel to object to—or move to dismiss—the

13  murder or attempted-murder charges.  That Simms previously stated that Beatty's photo looked

14  like the shooter, but did not positively identify him as the assailant, does not completely discredit

15  his trial testimony and in-court identification of Beatty.

16      **Ground 9.  Alibi Witness**

17      Beatty claims that his trial counsel was ineffective for failing to give the state the required

18  notice of intent to call a witness in support of an alibi.[45]  The Nevada Supreme Court rejected this

19  claim:

20      [Beatty] claimed that his sister-in-law would provide him with an alibi for the
    crimes.  He gave trial counsel her name and number.  When trial counsel

21

22  [40]  ECF 13 at 18.

23  [41]  *See id.*

24
25  [42]  Order of Affirmance, Ex. 83 at 4–5 (citing *Donovan v. State*,  584 P.2d 708, 711 (Nev. 1978)).

26  [43]  *Id.*

27  [44]  *See* Testimony of Corey Simms, Reporter's Transcript, February 5, 2008, Ex. 35 at 104–12.

28  [45]  ECF 13 at 20.

attempted to contact her, counsel was informed that the sister-in-law was no longer at that number.  Further, even though she was noticed as a witness for the State, appellant gave trial counsel an incorrect last name for his sister-in-law so trial counsel was unaware that the person noticed by the State was appellant's sister-in-law.

[Beatty's] sister-in-law had informed detectives that [Beatty] asked her to create a fake receipt for the day of the crimes and this information would have been presented to the jury to rebut [Beatty's] alibi. [46]

The Nevada Supreme Court had a reasonable basis for concluding that Beatty's counsel was not ineffective on this basis.  Beatty has not shown that his counsel was deficient for failing to give the state the required notice because he did not provide reliable contact information for the witness, counsel made diligent efforts to find her, and there was reason to believe that the proposed witness's testimony would have been more harmful than helpful to Beatty. Additionally, Beatty makes no showing of what the witness's trial testimony would have been or how the outcome of his trial would have been different had she testified on his behalf. Accordingly, I decline to grant Beatty relief on this basis.

### Ground 10.  Double Jeopardy

Beatty also claims that he received ineffective assistance of counsel on his direct appeal because his appellate counsel failed to adequately argue that he was subjected to double jeopardy by application of Nevada's felony-murder rule.[47]  The Nevada Supreme Court rejected this claim in short shrift: because the Nevada Supreme Court has consistently rejected claims—like the one Beatty sought to make—that Nevada's felony-murder rule violates the Double Jeopardy Clause, Beatty could not show that his counsel was ineffective for failing to adequately make the argument or that he was prejudiced by his counsel's failure to raise the issue in his opening

---

[46]  Order of Affirmance, Ex. 83 at 5–6; *see also* Order of Affirmance, Ex. 61 at 6–7 (Nevada Supreme Court ruling, on Beatty's direct appeal, that Beatty did not have good cause for his failure to give notice of his alibi witness until the fourth day of trial, and commenting that "the record reveals a strong possibility that the alibi was fabricated.").

[47]  ECF 13 at 22.  Appellate counsel made a double-jeopardy argument in the reply brief, but not in Beatty's opening brief.

1  brief.[48]

2       The Nevada Supreme Court had a plainly reasonable basis for concluding that Beatty's

3  counsel complied with *Strickland* despite failing to raise this argument in Beatty's opening brief

4  (though he raised it in the reply), and Beatty has not shown that there is a reasonable probability

5  that the outcome of his appeal would have been different had counsel raised the double-jeopardy

6  issue in the opening brief.  Indeed, in its order on Beatty's direct appeal, the Nevada Supreme

7  Court cited a line of cases rejecting felony-murder double-jeopardy arguments.[49]  And, in its

8  order on the appeal in Beatty's state habeas action, the Nevada Supreme Court referred to its

9  citation of that case law when ruling that there was no showing of prejudice.  Beatty is not

10  entitled to habeas relief on this claim.

11       **Ground 11.  Sufficiency of Evidence to Support Conspiracy Conviction**

12       In Ground 11, Beatty claims that his trial counsel was ineffective for failing to argue that

13  there was insufficient evidence to support his conviction for conspiracy to commit robbery.[50]

14  The Nevada Supreme Court wasted little time rejecting this argument, finding that there was

15  sufficient evidence at trial to convict Beatty of conspiracy because the evidence demonstrated

16  that he coordinated his actions with two other persons in an attempt to rob the victims.[51]

17       I agree with the Nevada Supreme Court that there was plainly sufficient evidence at trial

18  to support the conspiracy conviction.  When viewed in the light most favorable to the

19  prosecution, the evidence strongly indicated that three individuals, including Beatty, acted in

20

21

22

23  [48]  Order of Affirmance, Ex. 83 at 8; *see also* Order of Affirmance, Ex. 61, at 8, n. 3 (Nevada
     Supreme Court's ruling on the double-jeopardy claim on Beatty's direct appeal).

24
25  [49]  *See* Order of Affirmance, Ex. 61 at 8, n. 3.

26  [50]  ECF 13 at 24.

27  [51]  Order of Affirmance, Ex. 83 at 5 (citing *Thomas v. State*, 967 P.2d 1111, 1122 (Nev. 1998)).

28

1  concert in an attempt to rob Simms and Brown.[52]  Beatty has not shown a reasonable probability

2  of a different outcome at trial had his trial counsel made a sufficiency-of-the-evidence challenge

3  to the conspiracy count.  Therefore, Beatty is not entitled to habeas relief on this claim.

4  **Ground 12.  Jury Instructions Regarding Attempted Murder**

5  Beatty claims that his trial counsel was ineffective for failing to propose a jury instruction

6  regarding attempted murder.[53]  The Nevada Supreme Court declined to grant relief on this claim

7  because the record revealed that there were several instructions given at trial encompassing the

8  charge of attempted murder.[54]

9  I agree with the Nevada Supreme Court that the trial record belies this claim.  Jury

10  instruction number 24 explained the law regarding an attempt to commit a crime.[55]  And Beatty

11  has not shown that any other jury instruction regarding attempted murder was necessary, or that

12  any other instruction would have presented a reasonable probability of a different outcome at

13  trial.  Accordingly, Beatty is not entitled to relief on this claim.

14  **Ground 13.  Jury Instruction on Reasonable Doubt**

15  Beatty next claims that his trial and appellate counsel were deficient for failing to object

16  to the jury instruction given by the trial court regarding reasonable doubt.[56]  Beatty argues that the

17  reasonable-doubt instruction given by the trial court improperly shifted the burden of proof.[57]

18  The Nevada Supreme Court rejected this claim, pointing out that the instruction given by the trial

---

[52]  *See*, *e.g.*, Testimony of Corey Simms, Reporter's Transcript, February 5, 2008, Ex. 35, at 103–12.

[53]  ECF 13 at 26.

[54]  Order of Affirmance, Ex. 83 at 6.

[55]  *See* Jury Instructions, Ex. 39.

[56]  ECF 13 at 28.

[57]  *Id.*

12

court is the statutorily required instruction.[58]

The jury instruction at issue is required by Nevada statute and has repeatedly been approved by the Nevada Supreme Court.[59]  Beatty points to no authority—either state or federal—upon which any viable objection to the reasonable-doubt instruction could have been grounded.  Beatty is therefore not entitled to habeas relief on Ground 13.

### Ground 14.  Confrontation of Detective Hardy

In Ground 14, Beatty claims that his trial counsel was constitutionally ineffective for failing to call Detective Scott Hardy as a witness so that he could be confronted and cross-examined about statements made to him by Simms.[60]

The Nevada Supreme Court did not discuss this claim in its order affirming the denial of Beatty's state habeas petition.[61]  The state court, however, ruled that Beatty's trial counsel was not ineffective for declining to cross-examine Detective Hardy about Simms's statements, reasoning that any statements that Simms may have made to Detective Hardy were hearsay without an applicable exception.[62]

Beatty makes no showing of how Detective Hardy would have testified had he been called as a witness, nor does he make any showing that there would have been a reasonable probability of a different outcome at trial had Detective Hardy been called to testify.  The state district court's denial of this claim is reasonable and, thus, Beatty is not entitled to federal habeas relief on this claim.

### Ground 15.  Cumulative Error

Finally, Beatty claims that he was deprived of effective assistance of counsel based on the

---

[58] Order of Affirmance, Ex. 83 at 6 (citing NEV. REV. STAT. § 175.211; *Cutler v. State*, 566 P.2d 809, 813–814 (Nev. 1977)).

[59] *See* NEV. REV. STAT. § 175.211; *see e.g. Cutler*, 566 P.2d at 813–14.

[60] ECF 13 at 30.

[61] *See* Order of Affirmance, Ex. 83.

[62] Findings of Fact, Conclusions of Law, and Order, Ex. 82 at 5.

cumulative effect of errors made by his trial and appellate counsel.[63]  Because I have identified

no error on the part of Beatty's trial or appellate counsel, this claim for relief—based on the

cumulative effect of these alleged errors—likewise fails.

**C.     Motion for Evidentiary Hearing**

In his motion for evidentiary hearing, Beatty primarily focuses on Ground 1 of his

petition and requests an evidentiary hearing on the issues raised in that claim.[64]  I dismissed

Ground 1 of Beatty's petition in a February 20, 2015, order under *Stone v. Powell*. [65]  Thus, to the

extent Beatty seeks an evidentiary hearing for Ground 1, his motion is moot.

To the extent Beatty's motion may be construed to request an evidentiary hearing on any

other claim in his habeas petition, an evidentiary hearing is unwarranted.  The Supreme Court has

instructed that review under 28 U.S.C. § 2254(d) is limited to the evidence before the state

court.[66]  If the court determines, after review of the state-court record, that the state court's

"adjudication of a claim on the merits resulted in a decision contrary to or involving an

unreasonable application of clearly established federal law, or that the state court's decision was

based on an unreasonable determination of the facts," the court then conducts a *de novo* review

and "may consider evidence properly presented for the first time in federal court."[67]  Because

Beatty has failed to show that the state court's adjudication of any of his claims resulted in a

decision contrary to federal law, or that the state court's decision was based on an unreasonable

determination of the facts in light of the evidence presented to it, Beatty is not entitled to an

---

[63] Petition for Writ of Habeas Corpus, ECF 13 at 32.

[64] *See* Motion Requesting Evidentiary Hearing and Appointment of Counsel.  ECF 54.

[65] ECF 44.

[66] *Cullen v. Pinholster*, 131 S.Ct. 1388, 1401–02 (2011).

[67] *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) (citing *Pinholster*, 131 S.Ct. at 1401); *see also Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014) ("After *Pinholster*, a federal habeas court may consider new evidence only on *de novo* review, subject to the limitations of § 2254(e)(2).").

evidentiary hearing to present new evidence to support his claims.

**D.   Motion for Appointment of Counsel**

Finally, Beatty requests court-appointed counsel.[68]  "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations,"[69] though a court may appoint counsel at any stage of the proceedings "if the interests of justice so require."[70] I do not find that the circumstances of this case show that appointment of counsel is necessary to prevent due process violations or that the interests of justice require appointment of counsel to pursue Beatty's claims.  I therefore deny his request.

**E.   Certificate of Appealability**

Because I have rejected all of Beatty's claims, I finally consider whether he should be granted a certificate of appealability.  The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."[71]  When a district court has rejected the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. When a district court denies a habeas petition on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[72]  Having considered all of Beatty's

---

[68]  ECF 55.

[69] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam).

[70] *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

[71]  28 U.S.C. § 2253(c).

[72] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

claims—those denied on their merits in this order (Grounds 3–15), as well as those dismissed on procedural grounds on February 20, 2015 (Grounds 1 and 2)—under the appropriate standards, I decline to issue Beatty a certificate of appealability for any of his claims.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner's Petition for Writ of Habeas Corpus **[ECF 13]** is **DENIED** and petitioner is denied a certificate of appealability.

IT IS FURTHER ORDERED that petitioner's Motion for Evidentiary Hearing **[ECF 54]** is **DENIED**.

IT IS FURTHER ORDERED that petitioner's Motion for Appointment of Counsel **[ECF 55]** is **DENIED**.

The Clerk of Court is instructed to **ENTER JUDGMENT ACCORDINGLY** and to **CLOSE THIS CASE.**

Dated:  January 5, 2016.

_____
Jennifer A. Dorsey
United States District Judge